Filed 7/7/26  P. v. Davis CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT DAVIS,<br><br>    Defendant and Appellant. | B347244<br><br>(Los Angeles County<br>Super. Ct. No. BA191190) |

APPEAL from an order of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Affirmed.

Robert Davis, in pro. per.; and George M. Velez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Robert Davis appeals from an order denying his request to reduce a nearly 27-year-old felony conviction to a misdemeanor. (See Pen. Code, § 17, subd. (b).)  We affirm.

In 1999, Davis pleaded guilty to one count of making terrorist threats.  (Pen. Code, § 422.)

Years later, in 2026, Davis filed a motion seeking dismissal of his 1999 conviction under Penal Code section 1203.4 as well as reduction of that conviction to a misdemeanor under Penal Code section 17, subdivision (b).  The trial court granted dismissal but denied reduction.  Denying reduction, the court referred to Davis's criminal history.  This included being "bench warranted" on the 1999 case for over 10 years, a conviction for grand theft in 2007, having probation terminated in 2012 on the 1999 case, a 2016 conviction for dissuading a witness, and a 2017 probation violation related to that case.

Davis appealed.  His counsel filed a brief that identified no arguable issues.  Afterwards, Davis filed a supplemental brief asking this court to take a "second look" at the reduction issue.  He asserted "defendant had dismissed all past cases, most being misdemeanors and the bench [¶] warrant was based on a wrong court date."  He also asserted this was a "racial case, a black alleged victim, and the defendant with factual proof that the crime never happened as stated by the [¶] alleged victim."

In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), our Supreme Court offered "guidance for counsel and courts to follow in postconviction appeals where counsel finds no arguable issues."  (*Id.* at p. 231.)  Although doing so in the context of an appeal from an order denying relief under Penal Code section 1172.6, the court indicated its guidance should apply to other

postconviction appeals absent an "unusual" context calling "for additional or more specialized requirements." (*Ibid.*)

Under *Delgadillo*, where "counsel finds no arguable issues to be pursued on appeal:  (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)  "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion.  The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues.  [Citation.] If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.]  If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter.  [Citation.]  While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record . . . ." (*Id.*, at p. 232.)

"On appeal, we presume that a judgment or order of the trial court is correct, ' " [a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " (*People v. Giordano* (2007) 42 Cal.4th 644, 666.)  A litigant, even a self-represented one, must support their assertions with citations to legal

3

authority and the record.  (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Davis's supplemental brief does not support its arguments with citations to legal authority or the record.

Even so, it appears the trial court did not abuse its discretion in denying reduction of the 1999 conviction to a misdemeanor.  Davis's criminal history, including probationary and post-probationary behavior, supports that discretionary denial.  (*People v. Tran* (2015) 242 Cal.App.4th 877, 879, 892.) Davis asserts his past cases were dismissed and were mostly misdemeanors, but we see no support in the record for these conclusions, and Davis, moreover, does not explain the legal impact of these conclusions on the trial court's discretionary decision under Penal Code section 17, subdivision (b).

Davis's argument that this was a "racial case" is not fleshed out and was not raised below.  To the extent Davis may be directly attacking his 1999 conviction, he pleaded guilty to that offense and the trial court granted Penal Code section 1203.4 relief as to that offense.  This appeal concerns the validity of the trial court's reduction decision.

Having addressed the issues Davis raised in his supplemental brief, we decline to conduct a further independent review of the record.  (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

4

**DISPOSITION**

We affirm the order denying relief under Penal Code section 17, subdivision (b).


SCHERB, J.

We concur:


WILEY, Acting P. J.


VIRAMONTES, J.

5